822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley Mae MOODY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-2624.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided June 11, 1987.
 
 Before RUSSELL and WIDENER, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 Deborah K. Garton (Hensley, Muth, Garton & Hayes, on brief), for appellant.
 Pamela Darville, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Wayne A. Rich, Jr., United States Attorney; Marye L. Wright, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Shirley Mae Moody appeals the denial of her application for disability insurance benefits under Title II of the Social Security Act. The District Court agreed with a finding by the Administrative Law Judge that Plaintiff did not have a severe impairment when her insured status ended on September 30, 1978, and affirmed the Secretary's denial of benefits. We find that the decision below is supported by substantial evidence and affirm.
 
 
 2
 Plaintiff originally claimed in her application for benefits that she was disabled as of August 15, 1979, because of an overactive thyroid. This later was amended to August of 1978, one month before expiration of her insured status. The Administrative Law Judge found that while Plaintiff was suffering from nonsevere hyperthyroidism at that time, there is substantial evidence that it had not become a severe impairment.
 
 
 3
 Plaintiff quit her job as a door-to-door vacuum cleaner saleswoman in the summer of 1978 because of fatigue, heart palpitations, and nerve problems. She began treatment for a thyroid problem in February of 1979, although there are no medical records for this prior to July of that year. She had surgery in May of 1980, but continued to have thyroid-related problems. A psychiatric exam in November of 1981 disclosed that she suffered from moderately severe depression and anxiety.
 
 
 4
 But the only medical evidence dealing with the period when Plaintiff was insured was from Drs. Gupta and McNeer. In 1982, Dr. Gupta stated that he "strongly believed" Plaintiff was suffering from hyperthyroidism before February, 1979, and that she might have had symptoms for a year or two prior to that time. Dr. McNeer stated that based on the history given by Plaintiff, he believes that the symptoms of anxiety, similar to those of hyperthyroidism, began in 1978 and were at least as severe at that time as they were in 1981 when he examined Plaintiff. (The Administrative Law Judge noted that even Plaintiff's own history did not support a finding that the onset of severe mental problems had occurred by September 30, 1978.)
 
 
 5
 The problem with these opinions is that they are not based on any objective tests performed during the time period in question. Dr. Gupta had no medical records from February, 1979, on which to base his opinion. Dr. McNeer had only the history given by Plaintiff. A diagnosis made after a claimant's insured status has expired "is entitled to significant weight if it is based on objective medical criteria." Millner v. Schweiker, 725 F.2d 243, 246 (4th Cir.1984). The Secretary is correct in concluding that the opinions of these doctors are speculative and not entitled to great weight.
 
 
 6
 Because Plaintiff failed to prove by objective medical evidence that she suffered from a severe impairment on September 30, 1978, we affirm the decision of the District Court.
 
 
 7
 AFFIRMED.